UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ARTURO VILLARREAL**                                                                          **PETITIONER**

V.                           NO. 2:17-CV-00118-KGB-JTR

**GENE BEASLEY, Warden**
**FORREST CITY**                                                                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Arturo Villarreal ("Villarreal"), a federal prisoner currently housed in the Forrest City, Arkansas, Federal Correctional Institution. *Doc. 1*. In the Petition, Villarreal challenges a sentence imposed almost seventeen

years ago by the United States District Court for the Western District of Texas. *United States v. Villarreal*, Case No. W-95-CR-00007(1) (W.D. Texas).  The details of Villarreal's federal conviction and failed efforts to obtain post-conviction relief under 28 U.S.C. § 2255 are as follows:

> Villarreal was charged in the United States District Court for the Western District of Texas, Waco Division, with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one) and with conspiracy to launder money in violation of 18 U.S.C. § 1956(g) (count two). *See United States v. Villarreal,* 6:95–CR–00007 (W.D. Tex.) ("the Trial Court").
>
> On August 10, 1999, a second superseding indictment was returned that amended count one by expanding the dates of the conspiratorial agreement and specifying that the conspiracy involved in excess of 1,000 kilograms of marijuana. Villarreal pleaded not guilty. His trial began on September 13, 1999, and a jury found Villarreal guilty as charged. On October 6, 2000, the Trial Court sentenced Villarreal to: (1) a term of life imprisonment without release for his conviction on count one; (2) a concurrent term of 240 months of imprisonment for his conviction on count two; and (3) ten years of supervised release.
>
> . . .
>
> Villareal appealed. On September 7, 2001, the Fifth Circuit affirmed Villareal's conviction in an unpublished decision. *See United States v. Villarreal,* 273 F.3d 1096 (5th Cir.2001). On March 4, 2002, the United States Supreme Court denied Villarreal's petition for writ of certiorari. *See Villarreal v. United States,* 535 U.S. 910, 122 S.Ct. 1215, 152 L.Ed.2d 151 (2002).
>
> On March 5, 2003, Villareal filed a motion in the Trial Court to vacate his sentence under 28 U.S.C. § 2255. . . . In September of 2004, the Trial Court denied that motion. . . .  Villarreal appealed and requested a certificate of appealability to challenge the denial of his § 2255 motion, . . . but the Fifth Circuit Court of Appeals denied Villarreal's motion for a certificate of appealability. . . .

> On March 20, 2009, Villareal filed a motion under Federal Rule of Civil Procedure 15 to amend his § 2255 motion and add two new claims. . . The Trial Court denied the motion. . . . Villareal again appealed. . . . On February 11, 2010, the Fifth Circuit denied Villarreal's motion for a certificate of appealability, finding that he had failed to make a substantial showing that he had been denied a constitutional right in relation to any of his claims. . . .

*Villarreal v. Wilson*, No. CIV.10-128-GFVT, 2010 WL 2365302, at *1–2 (E.D. Ky. June 11, 2010) (omitting footnotes) ("*Villarreal's First § 2241 Petition*").

On April 26, 2010, Villarreal filed his first § 2241 Petition, asserting that his trial counsel was ineffective for various reasons. On June, 11, 2010, the Eastern District of Kentucky summarily denied the Petition for lack of jurisdiction, observing that "the Fifth Circuit Court of Appeals has twice determined that Villarreal failed to make a substantial showing of the denial of a constitutional right in relation to any of his Fifth and/or Sixth Amendment claims." *Villarreal's First § 2241 Petition*, 2010 WL 2365302 at *3.

On September 30, 2015, Villarreal filed a second § 2241 petition, again in the Eastern District of Kentucky. Villarreal argued his § 2255 remedy was inadequate or ineffective because he was "actually innocent" of the two conspiracy counts and it would be a "complete miscarriage of justice" to apply the second or successive limitation imposed on § 2255 filings. On March 25, 2016, the Court summarily denied his § 2241 petition, finding that Villarreal had failed to demonstrate either that his remedy under § 2255 was inadequate or effective, or that he was actually

3

innocent of the criminal offenses of which he was convicted. *Villarreal v. Holland*, No. 6:15-CV-177-GFVT) (E.D. Ky. March 25, 2016) ("*Villarreal's Second § 2241 Petition*").

On July 13, 2017, Villarreal filed the third § 2241 Petition now before the Court. Villarreal asserts two claims of ineffective assistance of counsel: (1) his *trial* counsel failed to seek dismissal of the second superseding indictment as barred by the five-year statute of limitations in 18 USC § 3282; and (2) his *appellate* counsel failed to argue that Count One had been constructively amended at trial to the point that Villarreal's conviction was based on conduct that was not the subject of the grand jury's indictment. *Doc. 1 at pp. 4-5, 28-29.*

For the reasons stated below, the Court concludes that it lacks jurisdiction over Villarreal's present § 2241 Petition and recommends that it be dismissed.

## II. Discussion

In conducting an initial review of Villarreal's habeas corpus petition, this Court is authorized to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. As part of that initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. *See*

4

*Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence. As a general rule, collateral challenges to a federal conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction

or sentence rendered by another district court *only if* the remedies in the sentencing district are inadequate or ineffective. A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

The Eighth Circuit, in defining what is meant by "inadequate or ineffective," has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion.  A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) "the petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire". *See United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000).  In other words, a petitioner cannot file a § 2241 habeas petition because he no longer has any remaining avenues for redress under § 2255.

Because both of Villarreal's proposed ineffective assistance claims challenge the validity of his federal convictions, they could and should have been asserted in the sentencing court under § 2255.[1]  Villarreal now contends that his § 2255 remedy

---

[1] In his § 2255 proceeding, Villarreal asserted multiple ineffective assistance claims.  In fact, he argued his counsel rendered ineffective assistance throughout the proceedings, "including pretrial, trial, sentencing, and on appeal." *Doc. 1, at p. 42* (Villarreal's Motion under § 2255).

To the extent the claims Villarreal now raises were raised in his § 2255 petition and resolved adversely to him, there would be *no* procedurally defaulted claim to support the *Martinez/Trevino* equitable exception.  Additionally, *Martinez/Trevino* does not apply to

is "inadequate or ineffective" to test the legality of his detention because he is entitled to the benefit of "the equitable exception" created by *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Relying solely on *Martinez/Trevino*, Villarreal contends that § 2241 is available to him to assert any "substantial procedurally defaulted" ineffective assistance claim. He cites to no Eighth Circuit case law to support his contention.

Nothing in either *Martinez* or *Trevino* addresses whether the limited exception created for procedurally defaulted ineffective assistance of trial counsel claims was intended to allow *federal prisoners* to use § 2241 to bring defaulted ineffective assistance claims related to their federal convictions. In *Martinez*, the Court held: "[w]here, *under state law*, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceedings, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17 (emphasis added). In *Trevino*, the Court extended its holding in *Martinez* to cases in which *a state's procedural framework*, "by reason of its design and operation, makes it highly unlikely in a

---

procedurally defaulted habeas claims of ineffective assistance of *appellate* counsel. *Davila v. Davis*, 137 S.Ct. 2058 (June 26, 2017). Because the Court's focus at this point is on its jurisdiction, it need not address the serious legal problems with Villarreal's *Martinez/Trevino* argument.

7

typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Trevino*, 133 S. Ct. at 1921.

In short, *Martinez* or *Trevino* do not explicitly authorize a habeas petitioner, challenging a *federal conviction,* to rely on the "equitable grounds" recognized in those decisions either to excuse a procedurally defaulted ineffective assistance of trial counsel claim or to attempt to invoke § 2255's "savings clause" to assert a procedurally defaulted ineffective assistance claim.

In *United States v. Lee*, 792 F.3d 1021, 1024-1025 (8th Cir.), *reh'g denied*, 811 F.3d 272 (8th Cir. 2015), *cert. denied*, 137 S. Ct. 1577 (2017), the Court rejected the habeas petitioner's Fed. R. Civ. P. 60(b) request to extend *Martinez* and *Trevino* to "federal review of claims not adequately raised in an initial § 2255 proceeding."[2] Here, *even if Villarreal could properly assert the Martinez exception*, the Court would still lack subject matter jurisdiction over his ineffective assistance of counsel claims because his remedies under § 2255 clearly were not "inadequate or ineffective."

The Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which could have been, or actually was, raised

---

[2] In *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), the Court granted a § 2255 habeas petitioner relief under Rule 60(b) following its conclusion that the *Martinez/Trevino* exception is available to petitioners under both § 2255 and § 2254. It attempted to distinguish *Lee* by suggesting that the Eight Circuit's statement that *Martinez* and *Trevino* "might be limited to section 2254 cases" was *dicta*. *Id*. at 854.

8

in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez v. Sanders*, 590 F.3d at 907; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009); *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). Section 2241 also may not be used to address an allegation that "the sentencing court misunderstood or failed to adequately address his § 2255 claim." *Lopez-Lopez*, 590 F.3d at 907.[3] Finally, the fact that procedural barriers prevent a petitioner from pursuing § 2255 relief does *not* render that remedy "inadequate or ineffective" under § 2255(e). There simply is nothing in either *Martinez* or *Trevino* that alters this established jurisdictional principle.[4]

### III. Conclusion

Nothing in Villarreal's habeas Petition suggests that, in connection with his ineffective assistance of counsel claims, his available remedies under § 2255 were

---

[3] The Eighth Circuit has specifically held that the § 2255 remedy is *not* inadequate or ineffective merely because: (1) the claim already has been raised and rejected in a § 2255 proceeding; (2) the sentencing court failed to fully or adequately address a § 2255 claim; (3) the petitioner has been denied permission to file a second or successive § 2255 motion; or (4) a § 2255 motion would be barred as successive or untimely. *Id.*; *Hill*, 349 F.3d at 1091.

[4] Numerous other courts have ruled that *Martinez/Trevino* does not entitle federal petitioners to the benefit of the savings clause. *See*, *e.g.*, *Jackman v. Shartle*, 535 F. Appx 87, 89, n. 5 (3rd Cir. 2013) ("... Martinez [deals] with state prisoners' ability to bring ineffective assistance of counsel claims, despite being procedurally barred. [*Martinez* does] not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims. Section 2241 does not provide a vehicle by which Jackman can raise his ineffective assistance of counsel claim because he has not demonstrated that Section 2255 is an 'inadequate or ineffective remedy.'"); *Rivera v. Holland*, No. 14-CV-4-KKC, 2014 WL 2047919 (E.D. KY 2014) ("Rivera has not established that based on *Martinez*, his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, . . ."); *United States v. Sheppard*, Crim. No. 10-119, 2017 WL 1128247 (W.D. PA March 23, 2017) (same).

inadequate and ineffective. Thus, the Court, *sua sponte*, concludes that it lacks subject matter jurisdiction under 28 U.S.C. § 2241 to consider Villarreal's challenge to his federal convictions and the sentence imposed by the United States District Court for the Western District of Texas in *Villareal I*.

IT IS THEREFORE RECOMMENDED THAT this Petition for a Writ of Habeas Corpus (*doc. 1*) be DISMISSED, without prejudice.

Dated this 31st day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE