# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ARTURO VILLARREAL                                                      PETITIONER

v.                      Case No. 2:17-cv-00118-KGB/JTR

GENE BEASLEY, Warden
FORREST CITY                                                   RESPONDENT

## ORDER

Before the Court is the Recommended Disposition of Magistrate Judge J. Thomas Ray (Dkt. No. 3). Petitioner Arturo Villarreal timely filed his objection to the Recommended Disposition (Dkt. No. 4). After careful consideration of the Proposed Findings and Recommendations, Mr. Villarreal's timely objection, and a *de novo* review of the record, the Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 3).

The Court writes separately to address Mr. Villarreal's objection. Mr. Villarreal asks this Court to review his ineffective assistance of trial counsel pursuant to the "equitable exception" created by *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v Thaler,* 133 S. Ct. 1991 (2013). As stated in the Recommended Disposition, the Court lacks subject matter jurisdiction over Mr. Villarreal's claims. Both of Mr. Villarreal's proposed ineffective assistance claims challenge the validity of his federal convictions, and they could and should have been asserted in the sentencing court under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals has consistently held that the "savings clause" may not be invoked to raise an issue under 28 U.S.C. § 2241 that could have been raised in a direct appeal or in a § 2255 motion in the sentencing district. *Lopez-Lopez v. Nichols v. Symmes,* 553 F.3d 647, 650 (8th Cir. 2009). Mr. Villarreal's *habeas* petition fails to show how

his available remedies under § 2255 were inadequate or ineffective. Therefore, Mr. Villarreal's petition for writ of *habeas corpus* is dismissed without prejudice (Dkt. No. 1)

So ordered this the 26th day of January, 2018.

_____
Kristine G. Baker
United States District Judge